## Paul L. WILLIAMS, Anthony L. Young, and Miguel Del Valle, Plaintiffs,

v.

## STATE BOARD OF ELECTIONS, et al., Defendants.

### No. 88 C 2377.

United States District Court, N.D. Illinois, E.D.

March 17, 1989.

See also 696 F.Supp. 1574, 718 F.Supp. 1324.

Michael P. Seng, John Marshall Law School, Chicago, Ill., for Paul L. Williams.

James C. Craven and Donald M. Craven, James C. Craven, P.C., Springfield, Ill., for Paul L. Williams, Anthony L. Young and Miguel Del Valle.

Terry McDonald, Asst. State's Atty., Sup'r Federal Litigation Unit, Chicago, Ill., for Stanley Kusper.

Michael Levinson, Chicago Bd. of Elections, Chicago, Ill., for Chicago Bd. of Election Com'rs.

Roger P. Flahaven, Atty. Gen. of Ill., Chicago, Ill., for State Bd. of Elections, et al.

Barry T. McNamara, D'Ancona & Pflaum, Chicago, Ill., for Paddy H. McNamara.

James J. Stamos, Chicago, Ill., pro se.

Michael J. Hayes, James R. Carroll and Bart T. Murphy, Asst. Attys. Gen., Chicago, Ill., for Daniel P. Ward, Wm. G. Clark and Alan J. Greiman.

Sidney Z. Karasik, Asst. Atty. Gen., Chicago, Ill., for Daniel P. Ward and Wm. G. Clark.

Susan Getzendanner, Eileen A. Kamerick and Charles F. Smith, Skadden, Arps, Slate, Meagher & Flom, Chicago, Ill., for Francis S. Lorenz.

Jerold S. Solovy, Jeffrey D. Colman, Barry Sullivan and Marshall J. Schmitt, Jenner & Block, Chicago, Ill., for Harry G. Comerford.

Dan K. Webb, Paul P. Biebel, Jr., Steven F. Molo, Jennifer G. Brown and Richard Wm. Austin, Winston & Strawn, Chicago, Ill., for Kenneth L. Gillis.

Raymond F. Simons and Joseph A. Spitalli, Simon & Spitalli, Chicago, Ill., for Roger Kiley.

Thomas R. McMillen, Evanston, Ill., for Roger S. Barrett.

## MEMORANDUM OPINION

GRADY, Chief Judge.

At the status hearing of March 15, 1989, there was a discussion of the possibility of dismissing the various classes of judges from the case, with prejudice, and amending the complaint to seek relief that would be prospective only. The court indicated that before approving such an action, it

would need to know that it would still have the ability to grant effective relief should plaintiffs establish a violation of the Voting Rights Act. Further reflection has only increased our misgivings about the feasibility of fashioning a workable and intellectually defensible system that would retain at-large elections for sitting judges. The court is also concerned about the public perception of such a system.

Counsel for plaintiffs have probably given the matter more thought than the court has, and perhaps they are able to demonstrate the adequacy of the relief the court would be limited to under the proposed amendment to the complaint. In any event, the purpose of this opinion is to make clear that before approving the proposed amendment the court would require such a demonstration in detail. Plaintiffs' proposal to drop the sitting judges from the case seems to be somewhat inconsistent with their repeated assertion—with which the court has agreed—that this is not a case challenging particular elections in which particular sitting judges were chosen, but, rather, an attack upon the existing *system* for electing judges. The thrust of the proposed amendment of the complaint would postpone any substantial revision of the system until the presently sitting judges, by "attrition," have left the scene. The attrition approach seems difficult to justify, and in fact irrelevant, if indeed the system does violate the Voting Rights Act. The only rationale offered by counsel for plaintiffs at the March 15 session to justify the proposed amendment is that there are too many lawyers in the case. There should be a better reason than that, and counsel should be prepared to offer it if and when the question is considered again.